IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, | CASE NO. CV-F-04-5595 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| vs. | |
| A.K. SCRIBNER, et al., | (Doc. 50) |
| Defendants. | |

A.     <u>Relevant Procedural History</u>

Plaintiff Andrew Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on plaintiff's second amended complaint, filed January 29, 2004, against defendants Andrews, Scribner, Galaza, Bendon, Yale, Buckley, Fujioka and Drew for violating his civil rights. As to defendants Yale, Drew and Buckley, plaintiff alleges they were deliberately indifferent to his serious medical needs in withholding prescribed soft shoes sent during plaintiff's transfer from High Desert State Prison (HDSP) to Corcoran State Prison (CSP) on February 15, 2001. As to defendant Dr. Bendon and former Warden Galaza, plaintiff claims they were deliberately indifferent to his serious medical needs in canceling his soft shoe chrono by way of a July 22, 2002 memorandum, without examining him. Plaintiff alleges that defendants Andrews and Scribner failed to respond to his request for soft shoes, and that staff denied

him property by not allowing him to receive his annual package from his family. Plaintiff alleges that defendant Fujioka failed to permit him to receive his 2003 annual package from his family, and instead, disposed of it. Plaintiff sues Buckley and Andrews for not processing his grievances properly and Scribner for not properly training his subordinates in the processing of grievances. Plaintiff also seeks injunctive relief in the form of an order providing him with the soft shoes.

On December 20, 2005, defendants Andrews, Scribner, Galaza, Bendon, Yale, Buckley, Fujioka and Drew ("defendants") filed a motion to dismiss on the grounds that plaintiff failed to exhaust the available administrative remedies. Plaintiff filed an opposition on January 5, 2006 and defendants filed a reply on January 10, 2006. On January 27, 2006, plaintiff requested leave to supplement his opposition, which the court granted making his supplemental opposition due on or before March 1, 2006. Plaintiff has not filed a supplemental opposition.

B.  Failure to Exhaust

Defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust available remedies as to all of his claims and this, his complaint must be dismisses in its entirety. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

2

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.   Defendants' Motion to Dismiss

Defendants concede that plaintiff exhausted his first claim as to defendant Yale but not as to Drew and Buckley. Defendants contend plaintiff failed to exhaust his medical claims against Andrews and Scribner relating to his request for special shoes and further that plaintiff failed to submit any appeals as to his clams against Dr. Bendon and Galaza for canceling his medical chrono and his claims against defendants Fujioka, Buckley, Andrews and Scribner relating to his property and processing of appeals.

In support of their motion, defendants submit the declarations of L. Cano and N. Grannis. Cano, an appeals coordinator, attests that plaintiff did not file any appeals grieving the facts at issue in his claims against defendants Bendon and Galaza for signing a memorandum regarding authorization of state issued shoes; or his claims against Buckley Andrews and Scribner relating to the processing of appeals. Doc. 50, Exhibit A, Cano Dec., ¶ 5.

Grannis, Chief of the Inmate Appeals Branch, attests that plaintiff filed two requests for Third Level Review. Doc. 50, Exhibit B, Grannis Dec., ¶ 7. The first, Appeal 01-1786 relating to property, was denied on March 29, 2002. *Id*. Defendants concede this appeal was exhausted as to defendant Yale. The second, Appeal 04-230, relating to medical needs was first received by the IAB on April 26, 2004 and was subsequently screened out, on two occasions, for failure to provide documentation that plaintiff had completed the second level review process. *Id.* Appeal 01-1786 was finally screened out for time constraints on March 9, 2005. *Id.*

In his opposition, plaintiff argues that his appeals against defendant Fujioka were returned twice unanswered and then never returned after re submission. Plaintiff also argues that Appeal 04-230 shows a 15-month response delay and the First Level Response states, "This concludes your formal appeal log number CSP C-6-04-00230."

D.   Discussion

   1.   Defendants Yale, Drew and Buckley.

The Court finds that only plaintiff's claim against defendant Yale relating to the denial of his medical shoes was exhausted based on Appeal 01-1786. Appeal 01-1786 is dated March 28, 2001 and involves plaintiff's claim that his property (legal material, dictionary, magazines, religious pocketbooks, address book, photographs and special shoes) was mishandled by defendant Yale upon his arrival at Corcoran State Prison. Appeal 01-1786 adequately grieved the facts underlying plaintiff's claims against defendant Yale and was denied at the Third Level on March 29, 2002, thereby exhausting the administrative remedies available.

However, plaintiff's claims against defendants Drew and Buckley relate to their failure to process grievances relating to the property in September and October 2001. Appeal 01-1786, filed on March 28, 2001 therefore did not grieve the facts relating to plaintiff's claims against defendants Drew and Buckley.

   2.   Defendants Bendon, Galaza, Andrews, Scribner, Fujioka and Buckley.

Defendants have met their burden as the parties moving for dismissal for failure to exhaust with regard to the following claims: (1) Plaintiff's claims against Dr. Bendon and Warden Galaza for signing a memorandum regarding authorization of state issued shoes; (2) Plaintiff's claims against defendant Fujioka for failing to permit him to receive his 2003 annual package from his family; (3) Plaintiff's claim against defendant Buckley for failing to process grievances; and (4) Plaintiff's claim against Scribner for not properly training his subordinates in the processing of grievances. Defendants submit evidence that plaintiff only filed two requests for Third Level Review, Appeal 01-1786 and Appeal 04-230. Doc. 50, Exhibit B, Grannis Dec., ¶ 7. Neither appeal grieved the facts underlying the above listed claims. The burden therefore shifts to plaintiff to demonstrate that he satisfied the exhaustion requirement set forth in section 1997e(a). Plaintiff provides no response to defendants'

4

evidence that plaintiff failed to file grievances as to these claims. Plaintiffs's general assertion that he attempted to appeal his claims against defendant Fujioka is insufficient to demonstrate that he attempted to exhaust this claim. Plaintiffs has therefore failed to demonstrate that he satisfied the exhaustion requirement set forth in section 1997e(a) with respect to these claims.

Appeal 04-00230 adequately grieved the facts underlying plaintiff's claims against Andrews and Scribner for failing to comply with his request for special shoes. However, plaintiff did not attempt to obtain third level exhaustion until April 26, 2004 (*See* Grannis Dec. ¶ 7) which was after this action was filed on January 29, 2004. Exhaustion must occur prior to filing *suit*. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Plaintiff claims there was a 15 month delay in receiving the second level response, however, plaintiff did not request Third Level Review until April 26, 2004, after he filed this action. Delay at the second level would not prevent plaintiff from requesting Third Level Review. There is no indication that plaintiff even attempted to obtain Third Level Review prior to filing this lawsuit and therefore plaintiff's claims against Andrews and Scribner was not exhausted prior to filing suit.

Defendants' argument that because plaintiff did not exhaust all of his claims this action should be dismissed in its entirety, is rejected. Lira v. Herrera, No. 02-16325, 2005 WL 2850115, *10 (9th Cir. Nov. 1, 2005) (rejecting total exhaustion rule, and directing courts to dismiss unexhausted claims from action).

E.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed December 20, 2005, be granted in part and denied in part as follows:

1. Defendants' motion to dismiss plaintiff's claims against defendant Yale for failure to exhaust the available administrative remedies be denied;

2. Defendants' motion to dismiss the remaining claims and defendants for failure to exhaust the available administrative remedies be granted;

3. Defendants' motion to dismiss this action in its entirety based on plaintiff's failure to exhaust some of his claims be denied; and

4. This action proceed on plaintiff's claim against defendant Yale for deliberate indifference

1  to serious medical needs in withholding prescribed soft shoes.

2  These Findings and Recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
4  after being served with these Findings and Recommendations, the parties may file written objections
5  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  The parties are advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:   March 30, 2006**            **/s/ Dennis L. Beck**
3b142a                                              UNITED STATES MAGISTRATE JUDGE