IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, | CASE NO. CV-F-04-5595 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR ORDER TO SHOW CAUSE, CONSTRUED AS A MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| vs. | |
| GERALDA, et al., | [Doc. 77] |
| Defendants. | |

Plaintiff Andrew Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on plaintiff's second amended complaint, filed January 29, 2004, against defendants Andrews, Scribner, Galaza, Bendon, Yale, Buckley, Fujioka and Drew for violating his civil rights. As to defendants Yale, Drew and Buckley, plaintiff alleges they were deliberately indifferent to his serious medical needs in withholding prescribed soft shoes sent during plaintiff's transfer from High Desert State Prison (HDSP) to Corcoran State Prison (CSP) on February 15, 2001. As to defendant Dr. Bendon and former Warden Galaza, plaintiff claims they were deliberately indifferent to his serious medical needs in canceling his soft shoe chrono by way of a July 22, 2002 memorandum, without examining him. Plaintiff alleges that defendants Andrews and Scribner failed to respond to his request for soft shoes, and that staff denied him property by not allowing him to receive his annual package from his family. Plaintiff alleges that

defendant Fujioka failed to permit him to receive his 2003 annual package from his family, and instead, disposed of it.  Plaintiff sues Buckley and Andrews for not processing his grievances properly and Scribner for not properly training his subordinates in the processing of grievances.  Plaintiff also seeks injunctive relief in the form of an order providing him with the soft shoes.

This court has recommended that defendants' motion to dismiss, filed December 20, 2005 be granted in part and that all claims and defendants be dismissed with the exception of plaintiff's claims against defendant Yale for deliberate indifference to serious medical needs in withholding prescribed soft shoes.

On May 1, 2006, plaintiff filed a request for the court to issue an Order to Show Cause why the court should not hold "prison staff" in contempt for impeding his access to the court, for retaliation and for filing false documents.  Plaintiff also requests an order requiring Corcoran State Prison to return his documents; to remove Exhibit "A" from his files; and provide plaintiff a copy of the Law Library Log and Yard Log for April 6, 2006.  The court construes plaintiff's request as a request for preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff's request must be denied.  Plaintiff seeks injunctive relief against unspecified "prison

staff." The court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Plaintiff's motion fails to link any alleged conduct or harm to parties named in this action.

In addition, plaintiff's amended complaint neither contains a cause of action for similar permanent injunctive relief nor contains claims relating to the same or similar issues. Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the amended complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of plaintiff's claims. Plaintiff is not entitled to orders that, rather than serving to remedy the claims in this action, serve to allow plaintiff to litigate this action more effectively.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed on May 1, 2006, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 30, 2006**          **/s/ Dennis L. Beck**
3b142a                                                    UNITED STATES MAGISTRATE JUDGE