1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW LOPEZ,                    )          1:04-CV-05595-OWW-DLB-P
                                      )
12        Plaintiff,                  )
                                      )          ORDER DENYING MOTION FOR
13        v.                          )          APPOINTMENT OF COUNSEL
                                      )
14   A. K. SCRIBNER, et al.,          )          (DOCUMENT # 77)
                                      )
15                                    )
          Defendants.                 )
16   _____)

17

18          On April 28, 2006, plaintiff filed a motion seeking the appointment of counsel, and

19   requesting the court to order Corcoran State Prison to return plaintiff's property, to remove an exhibit

20   from plaintiff's file, and to provide copies of log books to plaintiff.  In addition, plaintiff requests an

21   order to show cause why prison staff should not be held in contempt of court for impeding plaintiff's

22   access to the court.  Plaintiff's motion for appointment of counsel shall be denied.  Plaintiff's other

23   requests shall be resolved by separate order.

24          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

25   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

26   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

27   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

28                                              1

1    circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).

2    Rand, 113 F.3d at 1525.

3           Without a reasonable method of securing and compensating counsel, the court will seek

4    volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional

5    circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and]

6    the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues

7    involved." Id. (internal quotation marks and citations omitted).

8           In the present case, the court does not find the required exceptional circumstances.  Even

9    if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which,

10   if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases

11   almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that

12   plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does

13   not find that plaintiff cannot adequately articulate his claims.  Id.

14          For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY

15   DENIED, without prejudice.

16       IT IS SO ORDERED.

17       **Dated:    June 12, 2006**                    **/s/ Dennis L. Beck**
         3c0hj8                                         UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28
                                                    2