UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW LOPEZ, | ) | 1:04-CV-05595-OWW-DLB-P |
| Plaintiff, | ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ) | ORDER DENYING MOTION FOR EXTENSION OF TIME |
| A. K. SCRIBNER, et al., | ) | (DOCUMENTS #103 & #106) |
| Defendants. | ) | |

On July 13, 2006, plaintiff filed a motion for appointment of counsel and for an extension of time to respond to defendants' cross-motion for summary judgment (doc # 87), defendants' opposition to plaintiff's motion for summary judgment (doc #87), and defendants' response to plaintiff's statement of undisputed facts (doc #89). Again on August 9, 2006, plaintiff filed a motion for appointment of counsel.

1.  Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional

1

circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel shall be denied without prejudice.

2.   Motion for Extension of Time

Plaintiff has filed a motion for an extension of time to respond to defendants' cross-motion for summary judgment (doc # 87), defendants' opposition to plaintiff's motion for summary judgment (doc #87), and defendants' response to plaintiff's statement of undisputed facts (doc #89). However, plaintiff already filed responses to these documents on June 23, 2006 (doc #92 – response to doc #89) and July 10, 2006 (docs #99 & #100 – responses to doc #87). Should plaintiff have cause to file further responses, he must bring a new motion for extension of time with a supporting declaration setting out the reasons that further responses are needed. In light of this requirement, plaintiff's motion for extension of time shall be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for the appointment of counsel is DENIED without prejudice, and

2.   Plaintiff's motion for extension of time is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 14, 2006**                              **/s/ Dennis L. Beck**

2

1 | 3c0hj8                                                      UNITED STATES MAGISTRATE JUDGE