# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, | CV F 04-5595 OWW DLB P |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO COMPEL |
| v. | DOC # 47 |
| A.K. SCRIBNER, et. al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 5, 2005, plaintiff filed a motion to compel further responses to four different discovery requests made to defendants Andrews, Scribner, Galza, Bendon, Yale, Buckley, Fujioka and Drew. On March 31, 2006, the Court issued a recommendation that all defendants, with the exception of defendant Yale be dismissed based on plaintiff's failure to exhaust administrative remedies. The District Court adopted this recommendation on June 2, 2006. Accordingly, plaintiff's motions with respect the dismissed defendants are moot. In any event, the discovery requests served on each defendant all appear to be identical. The Court issues the following Order with regard to defendant Yale's responses to the discovery at issue:

**A.     Defendant Yale's Response to Plaintiff's First Request for Admissions.**

Plaintiff's Requests Nos. 1 and 2 are not in dispute in that defendant Yale admits in his statement of undisputed facts in support of summary judgment that he "was employed by the

1  CDCR as a correctional officer and at the time pertinent to this lawsuit, was assigned to CSP-
2  COR." *See* Findings and Recommendation Recommending Plaintiff's Motion for Summary
3  Judgment Be Denied and Defendant's Cross Motion for Summary Judgment Be Denied, p. 9:16-
4  18.
5      Plaintiff's motion to compel further response to Request Nos. 3, 4 and 5 is denied.
6  Defendants Yale's admissions related to his medical training and ability to terminate medical
7  treatment are sufficient.

     **B.   Defendant Yale's Response to Plaintiff's First Request for Production of Documents.**

10  Request No. 1 seeks documents pertaining to plaintiff's inmate appeals relating to his
11  property. In response, defendant directed plaintiff to his central file. Based on defendant
12  Scribner's response to the same request, other than documents in plaintiff's central file there are
13  no further documents responsive to this request. Plaintiff's motion with respect to Request No. 1
14  is therefore denied.
15      Defendant represents that he produced all available documents in response to Request
16  Nos. 2, 7, 8 and 9 and that there are no documents responsive to Request No. 5. The Court is
17  unable to compel production of documents that do not exist.
18      In response to Request Nos. 4 and 11, defendant advised plaintiff that all responsive
19  documents would be located in his central file and/or his medical file. Defendants represent that
20  they made the central file available to plaintiff. No further Order is warranted.

21       **C.   Defendant Yale's Response to Plaintiff's Second Request for Admissions.**

22  Request Nos. 1 -4 ask defendant to admit that he is not qualified to diagnose medical
23  conditions, prescribe medical treatment or disregard medical treatment and that he did not
24  examine plaintiff with respect to his need for special shoes. Defendant's admissions are
25  sufficient.
26  Defendant has properly responded to Request No. 7 by denying the request. No further
27  Order is warranted.
28  Defendant's objection to Request No. 8 is sustained. The request is overly broad.

1  Based on the foregoing, defendant's responses to plaintiff's discovery do not warrant
2 further Order by the Court.
3  IT IS SO ORDERED.
4  Dated:  **March 23, 2007**           /s/ **Dennis L. Beck**
  3c0hj8                       UNITED STATES MAGISTRATE JUDGE