1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANDREW LOPEZ,                              CASE NO. CV-F-04-5595 OWW DLB P

12                     Plaintiff,           _____ORDER DENYING PLAINTIFF'S MOTION
                                            FOR A COURT APPOINTED EXPERT
13          vs.
                                            [Doc. 136]
14   A.K. SCRIBNER, et al.,

15                     Defendants.
     _____/
16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint upon which this action proceeds on January

19   29, 2004.  This case is scheduled for a Pretrial Conference on July 27, 2007 and a Jury Trial on August

20   21, 2007.

21          On April 19, 2007, plaintiff filed a motion for a court appointed expert.  Plaintiff seeks a court

22   appointed expert, pursuant to the Federal Rules of Evidence.  It appears that plaintiff is requesting that

23   the Court appoint a physician to examine plaintiff and file a report with the Court.  Plaintiff also request

24   an order allowing him to have telephone access in order to locate and contact an expert.

25          The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal

26   Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party

27   enter an order to show cause why expert witnesses should not be appointed . . . ."  Fed. R. Evid. 706(a);

28   Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

1

1   Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact

2   to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge,

3   skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

4   Fed. R. Evid. 702.

5       To the extent that plaintiff is seeking the appointment of an expert witness to assist him in the

6   preparation of his action for trial, plaintiff's motion is denied on the grounds that an expert witness does

7   not serve that purpose.  The function of an expert witness is to testify at trial to assist the trier of fact in

8   understanding the evidence.

9       To the extent that plaintiff is seeking the appointment of an expert witness to testify at the trial,

10  the court declines to appoint an expert pursuant to Rule 706.    This action involves allegations of

11  deliberate indifference to a serious medical need, in violation of the Eighth Amendment.  Plaintiff

12  alleges that defendant acted with deliberate indifference when they failed to provide him with his

13  medically prescribed shoes.  Plaintiff seeks  monetary relief.

14      The court finds that the legal issues involved in this action are not particularly complex.  See

15  Walker at 1071) (finding that the district court's decision to appoint an independent expert to assist the

16  court in evaluating contradictory evidence about an elusive disease of unknown origin was appropriate);

17  see also Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate

18  indifference not so complicated that an expert was required to establish pro se inmate's case).  In this

19  instance, the trier of fact will be called upon to determine whether or not plaintiff had serious medical

20  needs and, if so, whether or not defendants were deliberately indifferent to those medical needs.  The

21  decision whether or not to admit expert testimony does not rest upon the existence or strength of the

22  expert's opinion but rather whether the expert testimony will assist the trier of fact in drawing its own

23  conclusion as to a fact in issue.  United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993).  Here, the

24  court finds that the issues are not so complex as to require the testimony of an expert witness to assist

25  the trier of fact.

26      In addition, plaintiff is proceeding in forma pauperis and is, presumably, unable to compensate

27  an expert witness.  Pursuant to Rule 706, the court has discretion to apportion costs in the manner

28  directed by the court, including the apportionment of costs to one side.  Fed. R. Evid. 706(b).  In

1  instances such as this, where the government would likely bear the cost, the court should exercise

2  caution.  The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and

3  in forma pauperis.  The facts of this case are no more extraordinary and the legal issues involved no

4  more complex than those found in the majority of the cases now pending before this court.

5      For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motion for the appointment

6  of an expert witness by the court, filed April 19, 2007, is DENIED.

7

8      IT IS SO ORDERED.

    Dated:    **April 23, 2007**              **/s/ Dennis L. Beck**

9                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3