IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, | CASE NO. CV-F-04-5595 DLB P |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| vs. | |
| GERALDA, et al., | [Doc. 114] |
| Defendants. | |

Plaintiff Andrew Lopez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding on plaintiff's second amended complaint, filed January 29, 2004, against defendant Yale for deliberate indifference to his serious medical needs in withholding prescribed soft shoes sent during plaintiff's transfer from High Desert State Prison (HDSP) to Corcoran State Prison (CSP) on February 15, 2001. This matter is set for trial before the undersigned on August 21, 2007.

**A.   Background**

On November 13, 2006, plaintiff filed a second motion for preliminary injunctive relief wherein he requests that the Court order requiring the Warden of Corcoran State Prison to provide him his prescribed shoes and to maintain his shoe size to ensure he is able to exchange shoes every 4-6 months. After ordered to do so, defendant filed an opposition to the motion on March 26, 2007. Plaintiff filed a reply on April 9, 2007.

In their opposition, defendants argue that plaintiff has not met his burden because he has not presented any evidence that he is in imminent danger of irreparable harm. Defendants also submit custody records which indicate that in December 2006, prison staff responded to a request by Plaintiff for EEE footwear. Defendants' Exhibit "A." While plaintiff sought EEE footwear, he was offered and accepted EEEE footwear on December 8, 2006. Defendants argue the receipt of the EEEE footwear resolved plaintiff's grievance and removes any urgency to this issue.

In his reply, plaintiff argues that receipt of the EEEE footwear in December 2006 did not resolve his grievance. He contends the shoes are falling apart and his toes stick out where the boot and sole have separated. Plaintiff argues that in any event, the shoes were only provided in response to his grievance and the filing of the present request for injunctive relief. Plaintiff argues the Court should not condone the practice of only providing necessities to prisoners in response to legal action.

**B.     Discussion**

   **1.     *Standard for Preliminary Injunctive Relief***

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

   **2.     *Jurisdiction***

The claims in this action arise from the alleged failure of defendant Yale to provide plaintiff with "medically prescribed shoes" upon his transfer to Corcoran in February 2001. As set forth by the court in a Findings and Recommendations filed on January 23, 2007, "This action is proceeding on plaintiff's complaint, filed January 29, 2004 against defendant Yale for violating his civil rights. Plaintiff alleges

defendant Yale was deliberately indifferent to his serious medical needs in withholding medically prescribed soft shoes sent with him during his transfer from high Desert State Prison to Corcoran State Prison on February 15, 2001." The court found there were genuine issues of material fact over whether defendant Yale violated plaintiff's civil rights under the Eighth Amendment. Plaintiff's claims to not concern an appeal for special footwear filed in 2006 or the denial thereof. Indeed, plaintiff contends that at various times since the filing of this action, he has had the required footwear. The present request for injunctive relief concerns requests made in 2006 to "Sergeant Jmoore, Captain Hernandez, Warden Adams, Corcoran Laundry Supervisor Martinez, and Material and Store Services employee Giles." These individuals are not parties to this action and plaintiff's allegations regarding their refusal to provide "shoe replacement because my shoes are falling apart and have holes" do not form the basis of any claims in this action.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, the events giving rise to the claims in this action occurred in February and March 2001, and related to defendant Yale's alleged refusal to provide plaintiff his medically prescribed shoes. The issues raised by plaintiff in his motions, issues which occurred in 2006 and may be ongoing, are not being litigated in this action, and the preliminary injunction sought by plaintiff would not remedy the claims in this action. Indeed, the issues raised in plaintiff's motion were apparently resolved by his acceptance of shoes in December 2006 despite the fact that plaintiff claims in his reply that those shoes are now also worn out. Moreover, plaintiff seeks an injunction against individuals who are not parties to this action. The court therefore has no jurisdiction to issue the order sought.

### 3. *Irreparable Harm*

Even if the Court had jurisdiction, "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

There is an actual case or controversy before this court with respect to plaintiff's section 1983 claim for money damages arising out of defendant's alleged past conduct in refusing to issue plaintiff his medically prescribed shoes. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendant which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate

1  remedy at law.  Id.  Plaintiff is not entitled to equitable relief in this action for defendant's past
2  conduct because there is no allegation, and no argument made by plaintiff in his opposition, that he
3  will be wronged again by this particular defendant.  Further, ordering the prison to maintain
4  plaintiff's special shoes in stock are issues outside the scope of equitable relief this court could order.
5  Therefore, plaintiff's claim for injunctive relief should be dismissed and this action should proceed
6  as one for money damages only.

   Based on the foregoing, the court HEREBY DENIES plaintiff's motion for preliminary
8  injunctive relief filed on November 13, 2006.

9  IT IS SO ORDERED.

10  **Dated:   July 21, 2007**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE