**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, | 1:04-cv-5595 OWW DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR A COURT APPOINTED EXPERT |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL |
| A.K. SCRIBNER, et. al., | |
| Defendants.        / | [Doc. 198] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint upon which this action proceeds on January 29, 2004.  This case is scheduled for a Pretrial Conference on March 28, 2008.

On February 19, 2008, plaintiff filed a motion for a court appointed expert and for appointment of counsel.  Specifically, plaintiff seeks a court appointed expert, pursuant to Rule 706 of the Federal Rules of Evidence, and requests that the court appoint Dr. Allen Clyde, podiatrist, to serve as an expert witness.

A.  Request for Appointment of an Expert Witness by the Court

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180

1

1  F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "If scientific, technical, or other
2  specialized knowledge will assist the trier of fact to understand the evidence or to determine a
3  fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or
4  education, may testify thereto in the form of an opinion or otherwise."  Fed. R. Evid. 702.

5       Plaintiff is seeking the appointment of an expert witness to testify at trial.  The court
6  declines to appoint an expert pursuant to Rule 706.  This action involves allegations of deliberate
7  indifference to a serious medical need, in violation of the Eighth Amendment.  Plaintiff alleges
8  that defendant acted with deliberate indifference by failing to provide him with his medically
9  prescribed shoes.  Plaintiff seeks monetary relief.

10       The court finds that the legal issues involved in this action are not particularly complex.
11  See  Walker at 1071 (finding that the district court's decision to appoint an independent expert to
12  assist the court in evaluating contradictory evidence about an elusive disease of unknown origin
13  was appropriate); see also Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's
14  determination of deliberate indifference not so complicated that an expert was required to
15  establish pro se inmate's case).  The decision whether or not to admit expert testimony does not
16  rest upon the existence or strength of the expert's opinion but rather whether the expert testimony
17  will assist the trier of fact in drawing its own conclusion as to a fact in issue.  United States v.
18  Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993).   Here, the court finds that the issues are not so
19  complex as to require the testimony of an expert witness to assist the trier of fact.

20       In addition, plaintiff is proceeding in forma pauperis and is, presumably, unable to
21  compensate an expert witness.  Pursuant to Rule 706, the court has discretion to apportion costs
22  in the manner directed by the court, including the apportionment of costs to one side.  Fed. R.
23  Evid. 706(b).  In instances such as this, where the government would likely bear the cost, the
24  court should exercise caution.  The court has a burgeoning docket of civil rights cases filed by
25  prisoners proceeding pro se and in forma pauperis.  The facts of this case are no more
26  extraordinary and the legal issues involved no more complex than those found in the majority of
27  the cases now pending before this court.  For the foregoing reasons, plaintiff's motion for the
28  appointment of an expert witness by this court is denied.

1   Even if plaintiff wishes to call his own expert witness at trial, by order dated August 27,
2   2007, plaintiff was required to file and serve his expert witness designations and expert reports
3   by December 30, 2007.  Plaintiff has failed to abide by the court's deadline and therefore, may
4   not call his own expert witness at trial.  However, plaintiff may subpoena Dr. Harvey Purtz as a
5   witness.
6   On March 26, 2007, the Court issued its Second Scheduling Order. In the Order, the
7   Court advised plaintiff of the procedure for obtaining the attendance of unincarcerated witnesses
8   who refuse to testify voluntarily.  The Court advised plaintiff that he must first notify the Court in
9   writing of the name and location of each unincarcerated witness and that the Court would then
10  calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s).
11  Dr. Purtz is located in Fresno, California. The round trip mileage is 28 miles.  The
12  mileage rate is $.445 per mile.  Accordingly, for Dr. Purtz, plaintiff must submit a money order
13  made payable to the witness in the amount of $52.46 ($40.00 witness fee plus $12.46 mileage).
14  Plaintiff is reminded that <u>the subpoenas will not be served upon the unincarcerated</u>
15  <u>witness by the United States Marshal unless the money order is tendered to the court</u>.  Because
16  no statute authorizes the use of public funds for these expenses in civil cases, the tendering of
17  witness fees and travel expenses is required even if the party was granted leave to proceed in
18  forma pauperis.  Due to apparent delay in getting the information to plaintiff, the Court shall
19  extend the deadline for receipt of the funds.  **If plaintiff wishes to have the Marshal serve any**
20  **unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money**
21  **orders to the court no later than the date of the pretrial conference, March 28, 2008.**
22  B.  <u>Request for Appointment of Counsel</u>
23  Plaintiff has requested the appointment of counsel. The United States Supreme Court
24  has ruled that district courts lack authority to require counsel to represent indigent prisoners in §
25  1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S.
26  296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may
27  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>,
28  113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating

1 counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

2     In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel is hereby denied.

    Accordingly, the court HEREBY ORDERS as follows:

1. Plaintiff's motion for the appointment of an expert witness by the court is DENIED;

2. Plaintiff must submit the money orders to the court no later than the date of the pretrial conference, March 28, 2008, if plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify; and

3. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **February 26, 2008**     /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE