# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER YALE,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:04-cv-05595-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PRE-TRIAL STATEMENT**<br><br>(Doc. 216) |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed January 29, 2004, against defendant Yale ("defendant") for acting with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment in withholding approved soft shoes sent during plaintiff's transfer from High Desert State Prison (HDSP) to Corcoran State Prison (CSP) on February 15, 2001. This matter is set for a jury trial before the undersigned on June 17, 2008.

　　　A telephonic trial confirmation hearing was held in this action on March 28, 2008. Defendant filed his pre-trial statement on March 25, 2008, beyond the March 10, 2008 deadline imposed by the court. (Doc. 206). On April 15, 2008, plaintiff filed a motion to strike defendant's pre-trial statement as untimely. (Doc. 216). On April 17, 2008, defendant filed an opposition. (Doc. 220).

///

///

1  Defendant requests that the court accept the pre-trial statement filed March 25, 2008, per
2  Federal Rules of Civil Procedure 6(b)(2).[1]  In support of his opposition, defendant filed evidence
3  demonstrating excusable neglect. (Doc. 216, pp5-6).  Defendant further states that plaintiff has not
4  shown any prejudicial effect as a result of the late filing to support his motion.
5  Good cause appearing, defendant's request for an extension of time to file the pre-trial
6  statement is HEREBY GRANTED.  Plaintiff's motion for to strike defendant's pre-trial statement
7  is HEREBY DENIED.
8  IT IS SO ORDERED.
9  Dated:   April 18, 2008                    /s/ Dennis L. Beck
           UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant incorrectly cites FRCP 6(b)(2) as authority for the court to extend time after the expiration of a specified time, where failure to act was due to excusable neglect and where good cause appears.  FRCP 6(b)(1)(B) provides for such relief.

2