# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICER YALE,<br><br>            Defendant.<br>_____/ | CASE NO. 1:04-cv-05595-DLB PC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE WITNESS FEES, REQUEST FOR TELEPHONE ACCESS, AND REQUEST FOR MEETING**<br><br>(Doc. 217) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed January 29, 2004, against defendant Yale ("defendant") for acting with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment in withholding approved soft shoes sent during plaintiff's transfer from High Desert State Prison (HDSP) to Corcoran State Prison (CSP) on February 15, 2001. This matter is set for a jury trial before the undersigned on June 17, 2008.

On April 15, 2008, plaintiff filed a motion seeking an extension of time to file witness fees for plaintiff's unincarcerated witnesses in the event that the court had not already received them. (Doc. 217). Plaintiff also requests that he be allowed to contact his sister by telephone to make arrangements concerning payment of the witness fees if necessary. Plaintiff further requests a court order directing prison officials to arrange a meeting between plaintiff and his incarcerated witness, Trinidad Fernandez.

On April 8, 2008, the Clerk of the Court received plaintiff's witness money orders for Dr. Birkholms, Dr. DiGuchi, Dr. Purtz, Dr. McGuinness and the Custodian of Medical Records. On

1  April 9, 2008, the court issued an order directing service of subpoenas on Dr. Birkholms, Dr.
2  DiGuchi, and Dr. Harvey Purtz by the United States Marshal. (Doc. 215).  As the parties were
3  advised during the telephonic trial confirmation hearing held March 28, 2008, the Court will not
4  issue subpoenas for Dr. McGuinness nor the Custodian of Medical Records.  Plaintiff shall notify
5  the court, in writing, whether he wishes to have these money orders returned by mail to sender, Ms.
6  Diane L. Ruiz.  If the court does not receive written notification from plaintiff, the money orders will
7  be returned to him on the day of trial.

8  As the court has already received plaintiff's witness fees for his unincarcerated witnesses,
9  plaintiff's requests for an extension of time and for telephone access are HEREBY DENIED.

10  With respect to plaintiff's request for a court order directing prison officials to arrange a
11  meeting between plaintiff and Inmate Fernandez, this court has no jurisdiction over state officials.
12  28 U.S.C. § 1651; see also Demos v. United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160,
13  1161 (9th Cir. 1991).  Further, plaintiff has not provided any evidence whatsoever concerning the
14  nature of the documents he wishes to retrieve from Inmate Fernandez, or why they "may be
15  relevant". (Doc. 217, p.2:3).  Therefore, plaintiff's motion would have to be denied, other fatal
16  deficiencies notwithstanding.  Further still, plaintiff indicates that he has already met once with
17  Inmate Fernandez, during a meeting facilitated by prison staff.  Plaintiff has already received
18  extraordinary accommodation from prison staff in his preparation for trial, and is not entitled to an
19  order directing prison officials to arrange a second meeting.

20  Accordingly, plaintiff's request for a court order directing prison officials to arrange a
21  meeting between plaintiff and Inmate Fernandez is HEREBY DENIED.

26  IT IS SO ORDERED.

27  Dated:   **April 18, 2008**          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
28