IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RICK LOPEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>YALE,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:04-cv-05595 DLB (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>Settlement Conference:<br>August 29, 2008 at 9:00 a.m.<br>Before District Judge Lawrence J. O'Neill<br>in Courtroom 4 |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.  This action is proceeding on Plaintiff's Eighth Amendment claim against defendant Yale.

    A telephonic status hearing was held in this matter on July 25, 2008, during which time both parties indicated that a settlement conference may be helpful in resolving this case.  Accordingly, a settlement conference is set for August 29, 2008 at 9:00 a.m. before United States District Judge Lawrence J. O'Neill in Courtroom 4 of this Court.  Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms.

///

///

1

At least five court days prior to the settlement conference, the parties shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement.[1]  This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Counsel are urged to request the return of their statements.  If such request is not made, the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

A. A **brief** statement of the facts of the case;

B. The relief sought; and

C. The party's position on settlement, including realistic settlement expectations, present demands and offers, and a history of past settlement discussions, offers, and demands.

Defendant Yale shall include an estimate of the cost and time to be expended for further pretrial and trial matters.

The Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case.  As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference.  Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

IT IS SO ORDERED.

Dated:   **July 25, 2008**             /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[1] Chambers of United States District Judge Lawrence J. O'Neill, 2500 Tulare Street, 7th Floor, Fresno, California, 93721.