# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>YALE,<br><br>        Defendant.<br>_____/ | CASE NO. 1:04-cv-05595-DLB PC<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>**(Doc. 265)**<br><br>**ORDER DENYING REQUEST FOR TRIAL TRANSCRIPTS**<br><br>**(Doc. 267)**<br><br>**ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. 268)** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Eighth Amendment claim against defendant Yale ("defendant").

Jury trial was completed in this matter on June 23, 2008 with the jury unable to reach a verdict. On July 7, 2008, plaintiff filed a motion to amend his complaint, a request for a copy of the trial transcript at government expense, a motion to withdraw his consent to magistrate judge jurisdiction, and a motion for appointment of counsel. (Docs. 265, 267, 268). On July 25, 2008, a Scheduling Conference was held in this action, and plaintiff's motions were heard. The court now issues the instant order.

///

1

**Motion to Amend Complaint**

On July 7, 2008, plaintiff moved to amend his complaint, to include additional facts to support his Eighth Amendment claim against defendant.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, plaintiff may not file a third amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

In the instant case, the court finds that justice does not require granting plaintiff's motion to amend, particularly at this late stage of the proceedings. Rule 8(a) of the Federal Rules of Civil Procedure calls only for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Plaintiff acknowledges that his claims and theories will not change even if his motion to amend is granted. (Doc. 165, p.3) It is unnecessary for plaintiff to outline every fact in support of his case. Plaintiff's motion for leave to amend is denied.

///

///

**Motion for Trial Transcript at Government Expense**

Plaintiff has also requested a copy of the trial transcript at government expense in order to prepare for re-trial. 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).[1]

Plaintiff is not entitled to a copy of the trial transcript at government expense simply because he is proceeding *in forma pauperis*. Even if the court had authority to grant plaintiff's request, the court does not find that his need for the transcript is so strong that the court or the United States will bear the associated costs. Plaintiff's motion for the transcript at government expense is denied.

**Motion to Withdraw Consent to Magistrate Judge Jurisdiction**

Plaintiff has also moved to withdraw his consent to magistrate judge jurisdiction. Plaintiff argues, *inter alia*, that the undersigned failed to assist him in retaining an expert witness and also refused to appoint an impartial expert, which he contends prevented him from receiving a fair trial. (Doc. 268, p.5:20-27). Plaintiff also expresses his dissatisfaction with judicial rulings issued by the Magistrate Judge (Id., p.2:18 - denial of additional time to retain expert witness; p.5:3 - denial of counsel; p.6 - issue of punitive damages not going to trial). Finally, plaintiff states that he felt rushed during his closing arguments, and was not given time to argue his motion for judgment as a matter of law.

---

[1] 28 U.S.C. § 753(f) governs the fees for transcripts for persons permitted to <u>appeal</u> in forma pauperis, and is not applicable in the instant case.

3

1  28 U.S.C. §636 (c)(1) provides that,

2  [u]pon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

Once a civil case is referred to a magistrate judge under 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. §636 (c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Id.

The court does not find that plaintiff has demonstrated extraordinary circumstances to vacate a reference of this civil matter to the magistrate judge. Neither his dissatisfaction with the magistrate judge's rulings, nor with his own witness' "evasiveness" at trial, nor the fact that plaintiff felt rushed during the trial, constitutes extraordinary circumstances. Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction is denied.

**Motion for Appointment of Counsel**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has

made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated: **August 3, 2008**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE